# **EXHIBIT 2**



## DBO EMPLOYMENT AGREEMENT

This EMPLOYMENT AGREEMENT (this "Agreement"), made this 19th day of May, 2004, by and between AEROTEK, INC., hereinafter referred to as "AEROTEK", and Justin Jordan, hereinafter referred to as "EMPLOYEE".

WHEREAS, AEROTEK and its related companies, TEKsystems, Inc. and Mentor 4, Inc. (hereinafter collectively, the "Aerotek") are engaged in the highly competitive businesses of: recruiting and providing scientific, engineering, technical, industrial, energy, environmental, office support, financial and accounting support, call center support, and/or other personnel on a temporary or permanent basis to companies and other entities throughout the United States and Canada; providing information systems, information technology, telecommunications and other services to companies and other entities throughout the United States and Canada; and other lines of business the Aerotek engage in, enter, or prepare to enter during EMPLOYEE's employment (hereinafter collectively, "AEROTEK's Business);

WHEREAS, AEROTEK and EMPLOYEE previously have entered into an Employment Agreement pursuant to which AEROTEK employed EMPLOYEE as a technical recruiter and salesperson for AEROTEK;

WHEREAS, AEROTEK desires to promote and/or continue to employ the EMPLOYEE, and EMPLOYEE desires to accept such promotion and/or continued employment with AEROTEK, on the terms and conditions set forth herein.

NOW THEREFORE, in consideration of the foregoing and of the mutual covenants and restrictions contained herein, any increase in compensation and other benefits granted to the EMPLOYEE in connection with such promotion, and other valuable consideration, the receipt of which is hereby acknowledged, each of the parties, their respective personal representatives, heirs, successors and assigns, intending to be legally bound hereby agree as follows:

1. **AGREEMENT OF EMPLOYMENT:** AEROTEK hereby promotes and/or agrees to continue to employ the above named EMPLOYEE for the position of DBO, with a base annual salary of $95,000.00, to be paid in weekly installments or on such other periodic basis as shall be determined by AEROTEK. The EMPLOYEE shall be reviewed annually and shall be entitled to such increases in base annual salary as AEROTEK's President may determine in his sole and absolute discretion. The EMPLOYEE also shall be eligible for incentive compensation. Such incentive compensation will be awarded in such amounts and at such times as the President may determine in his sole and absolute discretion.

Commencing on the date of this Agreement, the EMPLOYEE agrees to be so employed and may be promoted and compensated accordingly at AEROTEK'S sole and absolute discretion. The scope of EMPLOYEE's employment, including duties, assignments, positions and all responsibilities, shall be as established by AEROTEK from time to time, whether orally or in writing. The parties agree that EMPLOYEE shall devote his/her full time, attention and energies to the business of AEROTEK and, during

the term of this Agreement, shall not enter into any other business activity that interferes with EMPLOYEE's duties and responsibilities for AEROTEK.

2. **TERM OF EMPLOYMENT:** The term of employment shall continue until terminated by either party. EMPLOYEE agrees and expressly understands that the term of employment under this Agreement is "at will," with no certain term of employment being offered or promised and that no guaranteed or definite term of employment is being given or implied by this Agreement. Although EMPLOYEE'S employment is "at will," EMPLOYEE agrees to provide AEROTEK at least two (2) weeks advance notice of EMPLOYEE'S decision to terminate employment. It is further expressly understood and agreed by EMPLOYEE that AEROTEK may terminate EMPLOYEE's employment with AEROTEK at any time either with or without cause, in AEROTEK's sole and absolute discretion. In the event that AEROTEK terminates EMPLOYEE's employment for cause (as determined solely by AEROTEK), then EMPLOYEE shall not be afforded or entitled to any prior notice of such termination. Should EMPLOYEE's employment be terminated by AEROTEK without cause, then EMPLOYEE shall be afforded a minimum of twenty-four (24) hours prior notice of such termination. Such notice shall be given to EMPLOYEE either orally or in writing and if in writing shall be effective as of the date delivered, or sent, if by mail, to EMPLOYEE's last known address carried on AEROTEK's files. EMPLOYEE agrees to keep AEROTEK informed as to EMPLOYEE's current living and mailing address at all times while employed by AEROTEK.

If EMPLOYEE's employment with AEROTEK is terminated by either EMPLOYEE or AEROTEK, the parties agree that the terms of Paragraphs 3 through 12 of this Agreement shall survive the termination of EMPLOYEE's employment with AEROTEK.

3. **RESTRICTIVE COVENANT:** EMPLOYEE agrees that upon the termination of EMPLOYEE's employment, whether by AEROTEK or EMPLOYEE and whether with or without cause, for a period of two (2) years thereafter EMPLOYEE shall not directly or indirectly:

(1) Engage in, or prepare to engage in, or be employed by any business that is engaging in or preparing to engage in, any aspect of AEROTEK's Business in which EMPLOYEE performed work during the two (2) year period preceding his/her termination of employment, in any state of the United States or province of Canada where the Aerotek conducted business during the term of EMPLOYEE's employment, or as much geographic territory as a court of competent jurisdiction deems reasonable;

(2) Approach, contact or solicit any individual, corporation or other entity which, at any time within the two (2) year period prior to the date of termination of EMPLOYEE's employment, was a client or customer of AEROTEK, in an attempt to:

    (a) enter into any business relationship with a client or customer of the Aerotek if the business relationship is competitive with any aspect of AEROTEK's Business in which EMPLOYEE worked during the two (2) year period preceding termination of employment, or

 

  (b) reduce or eliminate the business such clients or customers conduct with AEROTEK; or

(3) Solicit or in any other manner attempt to influence or induce any Regular Employee of the Aerotek:

  (a) to provide services to any individual, corporation or entity whose business is competitive with any of the Aerotek, or

  (b) to leave the employ of any of the Aerotek; or

(4) Solicit or in any other manner attempt to influence or induce any person who has been a Contract Employee within the two (2) year period prior to the date of termination of EMPLOYEE's employment and about whom EMPLOYEE obtained knowledge by reason of EMPLOYEE's employment with the Aerotek:

  (a) to cease working for any of the Aerotek at clients or customers of the Aerotek, or

  (b) to refrain from beginning work for any of the Aerotek at clients or customers of any of the Aerotek, or

  (c) to provide services to any individual, corporation or entity whose business is competitive with any of the Aerotek.

As used in this Paragraph 3: "Regular Employee" means an employee of AEROTEK who is not a "Contract Employee"; and "Contract Employee" means an employee or candidate for employment of any of the Aerotek who is or was employed to perform services at customers or clients of any of the Aerotek.

The prohibitions contained in (1), (2), (3) and (4) above shall extend to (i) activities undertaken by EMPLOYEE directly on EMPLOYEE's own behalf, and (ii) activities undertaken by EMPLOYEE indirectly through any individual, corporation or entity which undertakes such prohibited activities and in or with respect to which EMPLOYEE is an owner, officer, director, trustee, shareholder, creditor, employee, agent, partner or consultant or participates in some other capacity.

4. <u>**INDEMNIFICATION & HOLD HARMLESS**</u>: EMPLOYEE represents and warrants that EMPLOYEE's employment with AEROTEK will not violate the terms and conditions of any agreements entered into by EMPLOYEE prior to or during EMPLOYEE's employment with AEROTEK. EMPLOYEE covenants and agrees to indemnify and hold AEROTEK harmless from any and all suits and claims arising out of any breach of any terms and conditions contained in any such agreements entered into by EMPLOYEE.

5. <u>**COVENANT NOT TO DIVULGE CONFIDENTIAL INFORMATION**</u>: EMPLOYEE covenants and agrees that, except as required by the proper performance of EMPLOYEE's duties for AEROTEK, EMPLOYEE shall not use, disclose or divulge any Confidential Information of AEROTEK to any other person, entity or company besides the Aerotek. For purposes of this Agreement, "Confidential Information" shall mean information not generally known by AEROTEK's competitors or the general public concerning the Aerotek and that the Aerotek take measures to keep secret, including but not limited

to: their financial affairs, sales and marketing strategy, acquisition plans, pricing and costs; their customers' names, addresses, telephone numbers, contact persons, staffing requirements, margin tolerances regarding pricing, and the names, addresses, telephone numbers, skill sets, availability and wage rates of its temporary or contract personnel; sales, recruiting, pricing and marketing techniques; sales and recruiting manuals; forms and processes for acquiring and recording information; financial controls; and management practices, procedures and processes.

6. **RETURN OF RECORDS:** EMPLOYEE agrees, upon termination of EMPLOYEE's employment with AEROTEK for any reason whatsoever, to return to AEROTEK all records and other property (whether on paper, computer discs or in some other form), copies of records and papers belonging or pertaining to the Aerotek.

7. **REMEDIES; DAMAGES:** (a) EMPLOYEE recognizes that irreparable damage will result to AEROTEK in the event of the violation of any covenant contained in Paragraphs 3, 5 and 6 hereof made by EMPLOYEE and agrees that in the event of such violation, AEROTEK, in addition to and without limiting any other remedy or right that it may have, shall be entitled to an injunction or other equitable relief in any court of competent jurisdiction, enjoining any such violations by EMPLOYEE. In furtherance of the foregoing, EMPLOYEE hereby waives any and all defenses EMPLOYEE may have on the ground of the lack of jurisdiction or competence of the court to grant such an injunction or other equitable relief. The existence of the foregoing right shall not preclude any other rights and remedies at law or in equity that AEROTEK may have.

(b) EMPLOYEE further recognizes and acknowledges that it would be difficult to ascertain the damages arising from a violation by EMPLOYEE of the covenants contained in Paragraphs 3 and 5 hereof. EMPLOYEE agrees that as damages arising as a consequence of a violation of the covenants contained in Paragraphs 3 and 5 hereof, EMPLOYEE shall pay to AEROTEK an amount equal to one hundred percent (100%) of the gross profit, or twenty-five percent (25%) of the gross sales, whatever amount is greater, resulting from business generated by EMPLOYEE, either directly or indirectly, on EMPLOYEE's own account or as agent, owner, officer, director, trustee, creator, partner, consultant, stockholder, employer, employee, or otherwise for or in conjunction with any other person or entity, through soliciting or otherwise competing for accounts or personnel in violation of Paragraph 3 or Paragraph 5 of this Agreement.

8. **WAIVER OF BREACH:** The waiver by AEROTEK of a breach of any provision of this Agreement by the EMPLOYEE shall not operate or be construed as a waiver of any subsequent breach by the EMPLOYEE.

9. **SITUS OF AGREEMENT; JURISDICTION:** This Agreement is being entered into in the State of Maryland and thus shall be governed by and construed, interpreted and enforced in accordance with the laws of the State of Maryland, without giving effect to the principles of conflicts of laws thereof. Each of the parties hereto hereby irrevocably consents and submits to the jurisdiction of the Circuit Court for the county in the State of Maryland in which AEROTEK's principal place of business is located, or any Federal court sitting in the State of Maryland, for the purposes of any controversy, claim, dispute or action arising

out of or related to this Agreement, and hereby waives any defense of an inconvenient forum and any right of jurisdiction on account of EMPLOYEE's place of residence or domicile.

10. **SEVERABILITY:** If any term, provision, covenant or condition of this Agreement, or the application thereof to any circumstance or party hereto, shall, to any extent, be invalid or unenforceable in any jurisdiction, the remainder of this Agreement, or the application of such term, provision, covenant or condition to such circumstance or party, other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and each remaining term, provision, covenant or condition of this Agreement shall be valid and enforceable to the fullest extent permitted by applicable law. Any such invalidation or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction. Without limiting the generality of the foregoing, if a court of competent jurisdiction should determine that any of the restrictions contained in Paragraph 3 or Paragraph 5 hereof are unreasonable in terms of scope, duration, geographic area or otherwise, such provision shall be deemed reformed to the minimum extent necessary such that such restriction shall be rendered enforceable. Notwithstanding the foregoing, the provisions of Paragraph 3(l) hereof shall not apply in the State of California or any other jurisdiction in which such prohibitions would be invalid or unenforceable under applicable laws as then in effect.

11. **WAIVER OF RIGHT TO JURY TRIAL:** BY EXECUTING THIS AGREEMENT, THE PARTIES HERETO KNOWINGLY AND WILLINGLY WAIVE ANY RIGHT THEY HAVE UNDER APPLICABLE LAW TO A TRIAL BY JURY IN ANY DISPUTE ARISING OUT OF OR IN ANY WAY RELATED TO THIS AGREEMENT, EMPLOYEE'S EMPLOYMENT WITH AEROTEK, OR THE ISSUES RAISED BY ANY SUCH DISPUTE.

12. **ENTIRE AGREEMENT:** This Agreement represents the entire agreement between the parties with respect to the subject matter covered by this Agreement. This Agreement supersedes any and all prior agreements or understandings, oral or written, between the parties hereto pertaining to the subject matter covered by this Agreement, and may not be changed orally. AEROTEK may assign this Agreement to any subsidiary, parent or affiliate of AEROTEK, or to any transferee of all or substantially all of the assets of AEROTEK, without the consent of the EMPLOYEE, and such assignment shall not, in and of itself, constitute a termination of the EMPLOYEE's employment hereunder. The parties hereto understand that this Agreement shall remain in effect notwithstanding any job change or job assignment by EMPLOYEE within AEROTEK or its organization. EMPLOYEE acknowledges that the covenants and conditions of this Agreement are reasonable and fair. EMPLOYEE further recognizes that the restrictions and conditions contained herein are necessary for the protection of AEROTEK's business.

As WITNESS the hands and seals of the parties hereto the year and day first above written.

ATTEST:                                           AEROTEK, INC.

*[signature]*                                     BY: *[signature]* _____(SEAL)
                                                  Authorized Representative

WITNESS:                                          EMPLOYEE

*[signature]*                                     *[signature]* _____(SEAL)