UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of                                                                101 West Lombard Street
**GEORGE L. RUSSELL, III**                                     Baltimore, Maryland 21201
United States District Judge                                        410-962-4055

March 6, 2017

MEMORANDUM TO COUNSEL RE:        Allegis Group, Inc., et al. v. Justin Jordan, et al.
                                                              Civil Action No. GLR-12-2535

Dear Counsel:

Pending before the Court are Plaintiffs', Allegis Group, Inc. ("Allegis"), Aerotek, Inc. ("Aerotek"), and Teksystems, Inc. ("Teksystems"), Third Motion for Summary Judgment (ECF No. 109) and Defendants Justin Jordan, Daniel Curran, and Michael Nicholas's[1] Motion for Leave to File Surreply (ECF No. 114). The Motions are ripe for disposition, and the Court finds no hearing necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons stated below, the Court will deny the Motions without prejudice and vacate the Court's previous Order (ECF No. 108) in part.

Plaintiffs brought claims for breach of contract, recession, and unjust enrichment against Defendants. (ECF No. 26). On December 23, 2013, Plaintiffs filed a Motion for Partial Summary Judgment on their breach of contract claim regarding the Agreements.[2] (ECF No. 75). On June 10, 2014, the Court granted Plaintiff's Motion, finding that Defendants breached their IIP Award Agreements.[3] (ECF No. 85).

On June 29, 2015, Plaintiffs filed a Second Motion for Summary Judgment, seeking all IIP payments they made to Defendants. (ECF No. 102). On March 18, 2016, the Court issued a Memorandum Opinion (ECF No. 107) ("March 18 Opinion"), with three legal conclusions that are of particular import here. First, the Court concluded that Defendants' breach of their IIP Agreements was material. Second, the Court concluded that Plaintiffs did not make a required showing of irreparable injury or impossibility of determining damages to receive restitution. Third, it concluded that Plaintiffs were improperly attempting to claim damages for breach of the IIP Award Agreements while also attempting to request rescission.

Plaintiffs filed the present Motion on April 18, 2016. (ECF No. 109). On May 2, 2016, Defendants filed a Response to Plaintiff's Motion that included a Motion for Reconsideration (ECF No. 110). Plaintiffs filed a Reply on May 11, 2016 (ECF No. 113). Defendants filed a Motion for

---

[1] Though Ana Neto Rodrigues, Alexander Ferrollo, and Chris Hadley are named Defendants in this matter, for purposes of this Order, "Defendants" shall refer to Jordan, Curran, and Nicholas only.

[2] Capitalized terms maintain their definition from previous Orders.

[3] The Court found that Defendants breached their IIP Agreements at some time before their IIP obligations expired, but did not determine the specific date that the breaches occurred.

Leave to File Surreply on May 18, 2016 (ECF No. 114) and Plaintiffs filed a Response on May 20, 2016 (ECF No. 115).

**Reconsideration of the Court's March 18 Opinion and Order**

In their Motion for Summary Judgment, Plaintiffs ask the Court to reconsider whether, in its March 18 Opinion, it properly concluded that Plaintiffs did not have a right to restitution.  Because the Court's March 18 Opinion concerns an interlocutory order, Federal Rule of Civil Procedure 54(b) governs here.  While Plaintiffs do not formally bring a motion to alter or amend judgment, the Court may nonetheless reconsider this issue under Rule 54(b).  Compare Rule 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." (emphasis added)) with Rule 60(b) (On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . ." (emphasis added)); cf. Fayetteville Inv'rs v. Commercial Builders, Inc., 936 F.2d 1462, 1472 (4th Cir. 1991) (holding that under Rule 54(b), courts may review its own interlocutory orders sua sponte).

Though not binding, courts look to the Rule 59(e) and 60(b) standards when reconsidering an interlocutory order under Rule 54(b):

> Public policy favors an end to litigation and recognizes that efficient operation requires the avoidance of re-arguing questions that have already been decided.  Most courts have adhered to a fairly narrow set of grounds on which to reconsider their interlocutory orders and opinions.  Courts will reconsider an interlocutory order in the following situations: (1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice.

Reyazuddin v. Montgomery Cty., Md., No. DKC-11-0951, 2012 WL 642838, at *2–3 (D.Md. Feb. 27, 2012) (citations and internal quotation marks omitted).

Here, the Court concludes it clearly erred as a matter of law in its March 18 Opinion for two reasons.  First, showing irreparable injury or impossibility of determining damages is not always required to receive restitution.  Second, Plaintiffs were not improperly seeking restitution in addition to enforcement of a provision in the Agreements requiring Defendants to refund all IIP payments to Plaintiffs ("Repayment Provision").  The Court will address these two errors in turn.

First, in its March 18 Opinion the Court relied on Miller v. United States Foodservice, Inc., 361 F.Supp.2d 470, 485 (D.Md. 2005) to assert that rescission is only appropriate when there is an irreparable injury, damages would be difficult to determine, or damages would be inadequate. (Mem. Op. at 6, ECF No. 107).  In Miller and other cases imposing such prerequisites, however, the

parties were relying on a theory of unjust enrichment to recover restitution.  See, e.g., Miller, 361 F.Supp.2d at 484 (seeking to recover compensation from employee based on theory of unjust enrichment or mutual mistake); Mass Transit Admin. v. Granite Const. Co., 471 A.2d 1121, 1126 (Md. 1984) (seeking restitution for value of services under theory of unjust enrichment).

Relying on Mogavero v. Silverstein, 790 A.2d 43, 52 (Md.Ct.Spec.App. 2002), this Court opined that restitution "is referred to as an action for unjust enrichment." (Mem. Op. at 5) (quoting Mogavero, A.2d at 52) (internal quotation marks omitted).  Mogavero, however, bases this measure of recovery on a theory of quasi-contract.  Mogavero, 790 A.2d at 52.  Here, by contrast, Plaintiffs do not bring their claims under a quasi-contract theory because there are express agreements—the IIP Award Agreements—between them and the Defendants.  Nor do they seek restitution under a theory of unjust enrichment.  Rather, they contend Defendants materially breached the IIP Award Agreements.  Because Defendants do not rely on theories of quasi-contract or unjust enrichment, Miller's prerequisites do not apply.  Accordingly, the Court concludes it erred by requiring Plaintiffs to meet one of these prerequisites in its March 18 Opinion.

Further, the Court also opined that a contracting party displeased with the other's performance may either reaffirm the contract and claim damages for its breach, or repudiate the contract and request rescission, but not both.  (Mem. Op. at 7).  The Court then concluded that Plaintiffs were attempting to do both by seeking rescission "while simultaneously" seeking return of all IIP payments under the Repayment Provision.  (Id. at 7–8).  Both rescission and enforcement of the Repayment Provision, however, would lead to an identical outcome: full recovery of all IIP payments.  Plaintiffs, therefore, were not seeking both rescission and enforcement of the Repayment Provision simultaneously; instead, they were arguing two separate bases of recovery that also led to the same outcome.[4]  Thus, the Court concludes it erred by holding that Plaintiffs improperly sought restitution in addition to enforcement of the Repayment Provision.  As a result, the Court must now determine whether rescission is warranted based on Defendants' material breach.

Before the Court makes a determination regarding rescission, the parties have not had an opportunity to brief whether Plaintiffs have met the elements for rescission as a matter of law. Accordingly, the Court will direct the parties to brief the Court on whether there is any genuine dispute of material fact on whether Allegis has met the requirements for rescission and restitution. Since the Court's previous Order will be vacated in part, the pending Motions will be denied without prejudice.

For the reasons stated above, the Court VACATES in part its March 18, 2016 Memorandum Opinion (ECF No. 107) and Order (ECF No. 108) to the extent that the Court denied Allegis rescission and restitution.  Plaintiffs' Third Motion for Summary Judgment (ECF No. 109) is DENIED AS MOOT WITHOUT PREJUDICE.  Defendants' Motion for Leave to File Surreply (ECF No. 114) is DENIED AS MOOT WITHOUT PREJUDICE.  The parties SHALL stipulate to a briefing schedule within fourteen days, consistent with the dictates of Local Rule 105.2(a), on

---

[4] Of course, Plaintiffs are always free to argue in the alternative.

whether Allegis has met the requirements for rescission and restitution.  Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

_____/s/_____
George L. Russell, III
United States District Judge

4