UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

November 5, 2018

MEMORANDUM TO COUNSEL RE:     Allegis Group, Inc., et al. v. Justin Jordan, et al.
Civil Action No. GLR-12-2535

Dear Counsel:

Pending before the Court is Defendants Justin Jordan, Daniel Curran, Chris Hadley, and Michael Nicholas's Motion to Stay Enforcement Pending Appeal and Approve Supersedeas Bond (ECF No. 141).[1] The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will deny the Motion.

On June 12, 2018, the Court entered a Final Judgment in favor of Plaintiffs Allegis Group, Inc., Aerotek, Inc., and TEKsystems, Inc., and against Jordan, Curran, and Nicholas.[2] (ECF No. 136). The Final Judgment entitles Plaintiffs to recover a total of $1,476,340.00 from Defendants, along with pre-judgment interest, post-judgment interest, and costs. (Final J., ECF No. 136).

To stay enforcement of the Final Judgment, Defendants first proposed filing a $1,000,000.00 supersedeas bond in the form of a corporate guaranty by nonparty company Zachary Piper, LLC ("ZP Group"). (Mot. Stay Enforcement ¶ 6, ECF No. 141). Defendants subsequently proposed filing a revised supersedeas bond, still in the form of a corporate guaranty, which would increase the bond amount to $1,476,340.00—the amount awarded in the Final Judgment. (Reply Pl.'s Opp'n Mot. at 2, ECF No. 145).

Federal Rule of Civil Procedure 62(d) provides that an appellant "may obtain a stay by supersedeas bond" and "[t]he stay takes effect when the court approves the bond." Local Rule 110(1)(a) (D.Md. 2016) requires the filing of a supersedeas bond in the amount of 120% of the judgment amount plus $500 for appellate costs. The appellant is entitled to a stay of a money judgment "as a matter of right" upon posting a supersedeas bond. Hofmann v. O'Brien, No. WDQ-06-3447, 2009 WL 3216814, at *1 (D.Md. Sept. 28, 2009). Under "normal circumstances," a full supersedeas bond "should be the requirement." Id. The Court has the inherent power, however, "to determine the amount of a supersedeas bond or to permit other forms of security for monetary

---

[1] It is unclear why Hadley seeks to stay enforcement of the Final Judgment in this case because the Court's Order that is the subject of this Motion did not enter a judgment against him.

[2] Though Ana Neto Rodrigues, Alexander Ferrello, and Chris Hadley are named Defendants in this matter, for purposes of this memorandum, "Defendants" shall refer to Jordan, Curran, and Nicholas only.

judgments on appeal." White Marlin Open, Inc. v. Heasley, No. RDB-16-3105, 2017 WL 3434290, at *2 (D.Md. Aug. 10, 2017) (quoting Cross v. Fleet Reserve Ass'n Pension Plan, WDQ-05-0001, 2007 WL 7143977, at *3 (D.Md. Feb. 27, 2007)).

Full bonds "may not be necessary" under two circumstances: (1) "when the judgment debtor can currently easily meet the judgment and demonstrates that it will maintain the same level of solvency during appeal"; and (2) "when the judgment debtor's present financial condition is such that the posting of a full bond would impose undue financial burden." CapitalSource Fin. LLC v. Pittsfield Weaving Co., No. AW-06-2028, 2008 WL 3850385, at *2 (D.Md. Mar. 7, 2008) (citing Alexander v. Chesapeake, Potomac & Tidewater Books, Inc., 190 F.R.D. 190, 193 (E.D.Va. 1999)). The appellant must also "propose a plan that will provide adequate (or as adequate as possible) security for the appellee." White Marlin, 2017 WL 3434290, at *1 (quoting United States v. Kurtz, 528 F.Supp. 1113, 1115 (E.D.Pa. 1981), aff'd, 688 F.2d 827 (3d Cir.), cert. denied, 459 U.S. 991 (1982)).

Defendants contend that the proposed supersedeas bond demonstrates a "clear willingness and ability to pay the Final Judgment in the event that they do not prevail on appeal."[3] (Pl.'s Opp'n Mot. at 2). The Court disagrees.

Here, the Court concludes that Defendants fail to demonstrate that they can currently satisfy the judgment and will maintain their solvency on appeal. CapitalSource, 2008 WL 3850385, at *2 (citing Alexander, 190 F.R.D. at 193). Indeed, Defendants propose that a third party—ZP Group—post a corporate guaranty in lieu of a supersedeas bond. The proposal does not speak to Defendants' ability to satisfy the judgment or their long-term solvency. To be sure, Defendants submit a declaration from ZP Group's CFO, David Zalewski, in which he avers that "ZP Group has assets to support the corporate guaranty." (Zalewski Decl. ¶ 6, ECF No. 145-2). But the focus of the Court's inquiry is on Defendants'—not ZP Group's—current ability to pay the judgment and whether they will remain solvent during the appeal. In addition, Zaleski's averment is not sufficient to demonstrate ZP Group's current ability to satisfy the judgment or its long-term solvency—it is not evidence that "demonstrate[s] assets that render a supersedeas bond unnecessary." Hofmann, 2009 WL 3216814, at *2.

Further, Defendants have not proposed a plan that "will provide adequate (or as adequate as possible) security for the appellee." White Marlin, 2017 WL 3434290, at *1 (quoting Kurtz, 528 F.Supp. at 1115). Defendants' proposal does not comply with Local Rule 110's requirement that a supersedeas bond be in the amount of 120% of the judgment plus $500.00 for appellate costs. Although the currently proposed bond amount is equal to the Final Judgment amount, it is only approximately eighty-three percent of the required bond amount. Defendants do not provide the Court with any grounds for deviating from Local Rule 110's bond amount requirement.

In short, Defendants have not demonstrated a sufficient basis for deviation from the Court's general practice, which mandates them to file a supersedeas bond equaling 120% of the Final

---

[3] Defendants do not argue that the posting of a full bond would impose an undue financial burden on them.

Judgment amount plus costs: a total of $1,772,108.00. Accordingly, the Court will deny their Motion.

For the foregoing reasons, Jordan, Curran, Hadley, and Nicholas' Motion to Stay Enforcement Pending Appeal and Approve Supersedeas Bond (ECF No. 141) is DENIED. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/
George L. Russell, III
United States District Judge