| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

May 14, 2019

MEMORANDUM TO COUNSEL RE:        Allegis Group, Inc., et al. v. Justin Jordan, et al.
Civil Action No. GLR-12-2535

Dear Counsel:

Pending before the Court is Defendants[1] Justin Jordan, Daniel Curran, and Michael Nicholas's unopposed Corrected Motion to Stay Enforcement Pending Appeal and Approve Supersedeas Bond (ECF No. 149).[2] The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will grant the Motion and stay enforcement of the Final Judgment in this case pending Defendants' appeal.

On June 12, 2018, the Court entered a Final Judgment in favor of Plaintiffs Allegis Group, Inc., Aerotek, Inc., and TEKsystems, Inc., and against Jordan, Curran, and Nicholas. (ECF No. 136). The Final Judgment entitles Plaintiffs to recover a total of $1,476,340.00 from Defendants, along with pre- and post-judgment interest. (Final J., ECF No. 136).

To stay enforcement of the Final Judgment, Defendants first proposed filing a $1,000,000.00 supersedeas bond in the form of a corporate guaranty from a nonparty, Defendants' current employer, Zachary Piper, LLC ("ZP Group"). (Mot. Stay Enforcement ¶ 6, ECF No. 141). Defendants subsequently proposed filing a revised supersedeas bond, still in the form of a corporate guaranty, in the amount awarded in the Final Judgment, $1,476,340.00. (Reply Pl.'s Opp'n Mot. at 2, ECF No. 145). On November 5, 2018, the Court declined to adopt Defendants' proposals, concluding that they had not demonstrated a sufficient basis for deviating from the Court's general requirement that they file a supersedeas bond equaling 120% of the Final Judgment amount plus costs, a total of $1,772,108.00. (Nov. 5, 2018 Order at 2–3, ECF No. 147).

On January 25, 2019, Defendants filed a Motion to Stay Enforcement Pending Appeal and Approve Supersedeas Bond, this time attaching an Irrevocable Letter of Credit ("ILOC") with Allegis Group Inc. as the beneficiary, for $1,772,108.00 from Access National Bank ("Access

---

[1] Though Ana Neto Rodrigues, Alexander Ferrello, and Chris Hadley are named Defendants in this matter, for purposes of this memorandum, "Defendants" refers to Jordan, Curran, and Nicholas only.

[2] Also pending before the Court is Defendants' Motion to Stay Enforcement Pending Appeal and Approve Supersedeas Bond. (ECF No. 148). Because the Court will grant their Corrected Motion, the Court will deny this Motion as moot.

National"), where ZP Group has an account. (ECF Nos. 148, 148-1). On January 28, 2019, after "counsel for the Plaintiffs raised a handful of concerns," Defendants filed their Corrected Motion to Stay Enforcement Pending Appeal and Approve Supersedeas Bond, which sought to "allay those concerns" with a revised ILOC from Access National, again naming Allegis Group Inc. as the beneficiary and quoting the same dollar amount. (Defs.' Corr. Mot. Stay Enforcement at 1 n.1, ECF No. 149; see also id. Ex. A, ECF No. 149-1).[3] To date, the Court has no record that Plaintiffs filed any Opposition and, therefore, will consider it unopposed.

Federal Rule of Civil Procedure 62(b) provides that an appellant "may obtain a stay by providing a bond or other security" and that "[t]he stay takes effect when the court approves the bond or other security." Local Rule 110.1.a (D.Md. 2018) requires the filing of a supersedeas bond in the amount of 120% of the judgment amount plus $500.00 for appellate costs. The appellant is entitled to a stay of a money judgment "as a matter of right" upon posting a supersedeas bond. Hofmann v. O'Brien, No. WDQ-06-3447, 2009 WL 3216814, at *1 (D.Md. Sept. 28, 2009). Under "normal circumstances," a full supersedeas bond "should be the requirement." Id. The Court has the inherent power, however, "to determine the amount of a supersedeas bond or to permit other forms of security for monetary judgments on appeal." White Marlin Open, Inc. v. Heasley, No. RDB-16-3105, 2017 WL 3434290, at *2 (D.Md. Aug. 10, 2017) (quoting Cross v. Fleet Reserve Ass'n Pension Plan, WDQ-05-0001, 2007 WL 7143977, at *3 (D.Md. Feb. 27, 2007)).

Defendants contend that the latest ILOC provides adequate security to Plaintiffs during Defendants' appeal, and therefore they are entitled to a stay of the Final Judgment. The Court agrees.

First, sister federal district courts in this circuit have determined that an irrevocable letter of credit provides sufficiently similar security to a supersedeas bond during the pendency of an appeal and have concluded that such a letter of credit satisfied the former Rule 62(d). See Legacy Data Access, Inc. v. Cadrillion, LLC, No. 315-cv-00163-FDW-DCK, 2018 WL 3277557, at *1 (W.D.N.C. Mar. 21, 2018) ("Given Plaintiffs' consent to the relief requested in the Motion and to the alternative security offered by Defendants . . . , the Court finds that a stay of the proceedings pending appeal is warranted in this matter and that the Letter of Credit constitutes sufficient security to protect Plaintiffs during the pendency of the appeal.")[4]; Ishman v. Penn Lyon Homes, Inc., No. 304-CV-21, 2007 WL 2332490, at *1 (N.D.W.Va. Aug. 10, 2007) ("This Court is unable to perceive in what manner the plaintiffs would be prejudiced by the approval of an irrevocable letter of credit rather than a supersedeas bond.").

---

[3] The only revision appears to be in Paragraph (a)(1) of the ILOC, regarding the appeal status that would allow Allegis Group Inc. to draw on ZP Group's account under the ILOC. (Compare ECF 148-1 at 1; with ECF 149-1 at 1).

[4] After the Legacy Data Access court issued its order, the U.S. Supreme Court adopted amendments to Rule 62, which took effect December 1, 2018. See Apr. 26, 2018 Order re: Amendments to Fed.R.Civ.P., https://www.supremecourt.gov/orders/courtorders/frcv18_5924.pdf. The commentary to the 2018 amendments explains that the new Rule 62(b) "carries forward in modified form the supersedeas bond provisions of former Rule 62(d)." See Advisory Committee Notes to Fed.R.Civ.P. 62. "The new rule's text makes explicit the opportunity to post security in a form other than a bond." Id.

Second, Plaintiffs do not object to Defendants' proposed form of security. Plaintiffs apparently had concerns, Defendants addressed them, and Plaintiffs then declined to respond to the Motion. The Court sees no reason to disrupt the arrangement to which the parties have effectively agreed. See Legacy Data Access, 2018 WL 3277557, at *1. Accordingly, the Court will grant the Motion, approve the ILOC as Plaintiffs' security during Defendants' appeal, and stay the execution of the Final Judgment.

The Court adopts the following procedure from the Legacy Data Access court's order. Should the United States Court of Appeals for the Fourth Circuit affirm the Final Judgment, in whole or in part, the stay granted herein shall extend for an additional sixty (60) days following the issuance of the mandate from the Fourth Circuit to permit Defendants to voluntarily satisfy the full amount of the affirmed Final Judgment. If, during that sixty-day period, Defendants fail to voluntarily satisfy the full amount of the affirmed Final Judgment, Plaintiffs (jointly and severally) may apply to this Court for, and the Court will enter, an Order granting Plaintiffs the right of execution against the ILOC and directing Access National to pay, upon presentment of such Order, the affirmed amount of the Final Judgment to Plaintiffs. If, on the other hand, during such sixty-day period, Defendants voluntarily satisfy the full amount of the Final Judgment or if the Fourth Circuit reverses or vacates the Final Judgment in its entirety, Defendants may apply to this Court for, and the Court will enter, an Order releasing Defendants' and Access National's obligations under the ILOC. Upon the presentment of such Order to Access National, the ILOC will expire and all obligations arising thereunder shall be released.

For the foregoing reasons, Defendants' Corrected Motion to Stay Enforcement Pending Appeal and Approve Supersedeas Bond (ECF No. 149) is GRANTED. Defendants' Motion to Stay Enforcement Pending Appeal and Approve Supersedeas Bond (ECF No. 148) is DENIED AS MOOT. Defendants shall PROVIDE the ILOC to Plaintiffs. Enforcement of the Final Judgment in this case is STAYED pending Defendants' appeal to the Fourth Circuit and in keeping with the terms set out above. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/
George L. Russell, III
United States District Judge